Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Lori Moses

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lori Moses**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Financial Credit Service, Inc. d/b/a Asset Recovery Associates, Inc. and ARA Inc.,** a corporation<br><br>Defendant. | Case No.  **'17 CV 1673 CAB BGS**<br><br>**Complaint**<br><br>Jury Trial Demanded |

### Introduction

1.     Lori Moses ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Financial Credit Service, d/b/a Asset Recovery Associates, Inc., ARA Inc., and ARA ("Defendant") and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.     For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**Jurisdiction and Venue**

3.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), the Fair Debt Buying Practices Act, Cal. Civ. Code §§ 1788.50-1788.64 ("FDBPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. ("FCRA"), and the common law tort of invasion of privacy by intrusion upon seclusion.

5.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b).

**Parties**

6.     Plaintiff is a natural person who currently resides in Southern California and was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3) and by 15 U.S.C. § 1681a(c).

7.     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8.     Plaintiff is informed and believes, and thereon alleges, that Financial Credit Service, Inc. is a collection agency, is incorporated under the laws of Illinois, and operates from an address of 1919 S. Highland Avenue, Suite 225-A, Lombard, Illinois 60148, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "person" as that term is defined by 15 U.S.C. § 1681a(b).

9.      Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

10.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant is regularly engaged in the business of purchasing charged-off consumer debt for collection purposes and are "debt buyers" as that term is defined by Cal. Civ. Code § 1788.50(a)(1).

12.     Plaintiff is informed and believes, and thereon alleges that Defendant purchased this debt after January 1, 2014.

13.     Plaintiff is informed and believes, and thereon alleges that Defendant is a furnisher of information as contemplated by 15 U.S.C. § § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences.

14.     Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

## Factual Allegations

15.     Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

16.     All of Defendant's various communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term

"communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

### *Voicemail from Defendant*

17.     On May 23, 2017, Plaintiff received a voicemail from Defendant on her home telephone answering machine.

18.     A complete and accurate transcript of that voicemail is provided below:

> Hi this message is for Laura Moses. Ms. Moses my name is Melissa Burkhart. I'm requesting your return phone call from you as of today. This call is in regards to a claim of yours that was placed with my office and I do need to speak with you further regarding this matter. I've left several messages without a courtesy reply in as of today's date. A final decision will be made on your behalf. Please return my phone call at 888 409 5060. My extension is 3022. When calling have your case number available. That number is 3375126-REDACTED. I do need to speak with you further regarding this matter. Thank you.

19.     The voicemail left by Defendant fails to leave any meaningful disclosure regarding the caller's identity. Nowhere during the message does Ms. Burkhart identify the name of the business she represents as required by the FDCPA. Therefore, Defendant's voicemail message violates 15 U.S.C. § 1692d(6).

20.     The voicemail left by Defendant fails to identify the caller as a debt collector and therefore violates that requirement under 15 U.S.C. § 1692e(11).

21.     Cal Civ Code § 1788.11(b) prohibits a debt collector from placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents. Here, Rochelle D. Covington, Defendant's employee and agent used her alias name, Melissa Burkhart in the voicemail. Defendant's voicemail message violates Cal Civ Code § 1788.11(b) by failing to disclose the name of the agency Ms. Covington represents.

22.     In violating 15 U.S.C §§ 1692d(6) and 1692e(11), Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *Telephone Conversations*

23.     Plaintiff called Defendant shortly after receiving the May 23, 2017 voicemail from Defendant.

24.     Plaintiff was initially connected to Melissa Burkhart. Ms. Burkhart informed Plaintiff of an alleged debt associated with a Discover credit card. Ms. Burkhart told Plaintiff that the card was opened in 1997 and that Plaintiff had made payments on the card for eight years. Plaintiff explained that she has never had a Discover card and that she was not obligated to pay this debt. Ms. Burkhart placed Plaintiff on hold for almost twenty minutes at which point Plaintiff hung up.

25.     Plaintiff called Defendant back, this time speaking to a different collection agent. This agent threatened Plaintiff that if she did not pay the debt, they would freeze all of her assets, her credit cards, and place a lien on her house.

26.     The agent proceeded to read to Plaintiff each of her credit cards and the balances she had on each card. Plaintiff responded that she had great credit, and the agent replied that yeah he could see that. The agent told Plaintiff that she could afford to pay this. He then made a settlement offer to Plaintiff that she could pay $1,500.00 now and the rest in 10 days. Plaintiff told the agent that she was going to have a heart attack. Defendant's agent responded, don't do that we can help you.

27.     Upon hanging up the phone, Plaintiff's heart was racing, she was distraught, shaken, upset, and fearful as she did not know what to do or how she could ever come up with the sum of money Defendant was demanding from her. She was also scared and in disbelief that Defendant had obtained her credit information.

28.     Defendant's threats that they would freeze all of her assets, her credit cards, and place a lien on her house violated multiple provisions of the FDCPA and RFDCPA.

29.     Defendant's threats and assertions regarding the alleged debt were false, deceptive, or misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10) as Plaintiff was not liable for this debt and Defendant could not legally take the actions they threatened to take.

30.     Defendant's threats and assertions regarding the alleged debt falsely characterized the amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

31.     Discover's card member agreement includes a choice of law provision selecting Delaware's state laws to govern the agreements. According to Delaware state law, the statute of limitations for credit cards in Delaware is three years. Defendant claimed the Discover credit card was opened in 1997 and Plaintiff made payments on the card for eight years. According to Defendant's dates, the last payment would have been made in 2005. The statute of limitations on the alleged debt would have expired in 2008.  In threatening to freeze Plaintiff's assets, credit cards, and place a lien on her house, Defendant threatened to take actions that could not legally be taken or that was not intended to be taken as the statute of limitations had expired. Defendant's threats violated both 15 U.S.C. § 1692e(5) and Cal. Civ. Code § 1788.10(e).

32.     Defendant's threats to Plaintiff violated Cal Civ. Code § 1788.13(j) which prohibits a debt collector from collecting or attempting to collect a debt by falsely representing that a legal proceeding has been, is about to be, or will instituted unless payment of a consumer debt is made.

33.     The natural consequence of Defendant's threats and conduct was to harass, oppress, and abuse Plaintiff and violated 15 U.S.C. § 1692d.

34.     Defendant's threats and assertions were an unfair and unconscionable means to collect or attempt to collect a debt and a violation of 15 U.S.C. § 1692f.

35.    In violating 15 U.S.C §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692d, 1692f, Defendant's actions also violated Cal. Civ. Code § 1788.17.

36.    15 U.S.C. § 1681b(f) of the FCRA limits the purposes for which a consumer report can be obtained. The permissible purposes are listed in 15 U.S.C. § 1681b(a)(3)(A)-(F).

37.    Plaintiff never gave Defendant permission to use or obtain her consumer credit report.

38.    Plaintiff never had a business relationship with Defendant or Discover Bank.

39.    Defendant demonstrated that they had obtained Plaintiff's credit report by reading accurate descriptions of her revolving credit accounts and the current balances on each of those accounts.

40.    Defendant did not use or obtain Plaintiff's consumer report for any permissible purpose under 15 U.S.C. § 1681b.

41.    Accordingly, Defendant violated the FCRA when they willfully obtained and used Plaintiff's consumer report without authorization under the FCRA.

### *Collection Letter Dated June, 1, 2017*

42.    Plaintiff received a collection letter via U.S. Mail from Defendant dated June 1, 2017 attempting to collect an alleged defaulted debt. A true and correct redacted copy of that letter is attached hereto as Exhibit "A".

43.    This was the first letter Plaintiff received from Defendant.

44.    The letter was addressed to Lori Junkin, Plaintiff's name from a previous marriage.

45.    The letterhead identifies the sender as ARA Inc. All other references in the letter to the sender identify the business as ARA.

46.     Defendant is incorporated in the State of Illinois and their registered name is Financial Credit Service, Inc. Defendant's "assumed name" is registered as Asset Recovery Associates. "ARA Inc." and "ARA" are not Defendant's registered business names nor have they registered either as an assumed name.

47.     15 U.S.C. § 1692e(14) prohibits a debt collector from using any business, company, or organization name other than the true name of the debt collector's business, company, or organization. ARA Inc. is not Defendant's true name and Defendant's failure to identify and/or use their true name in their letter to Plaintiff violates 15 U.S.C. § 1692e(14).

48.     In the same letter, Defendant informed Plaintiff that Defendant had recently obtained and was the legal owner of Plaintiff's alleged Discover Card account.

49.     Accordingly, Defendant is a "debt buyer" as defined by Cal. Civ. Code § 1788.50(a)(1).

50.     Cal Civ. Code § 1788.52(d)(1) requires a debt buyer to include with its first written communication to a consumer a notice outlining the recipient's right to request specific records and data regarding the account. Defendant failed to provide such a notice in their letter to Plaintiff. Therefore, Defendant's letter violates Cal Civ. Code § 1788.52(d)(1).

51.     15 U.S.C. § 1692g(a)(4) requires a debt collector to make the following disclosure when writing to a consumer: a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain **verification of the debt or a copy of a judgment** against the consumer **and a copy of such verification or judgment** will be mailed to the consumer by the debt collector; (Emphasis added).

52.     Defendant's letter to Plaintiff contains the following disclosure:
        This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days

after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days of receiving this notice, that you dispute the validity of the debt or any portions thereof, **this office will obtain a copy of a judgement and mail you a copy of such verification.** If you request in writing, within 30 days after receiving this notice, this office will provide you the name and address of the original ORIGINAL CREDITOR, if different than the current ORIGINAL CREDITOR. (Emphasis added).

53.     The disclosure language required under § 1692g(a)(4) informs the consumer that upon disputing a debt, a debt collector will **obtain verification of the debt or a copy of a judgment**. The disclosure in Defendant's letter is misleading as it omits the "verification of the debt" language, and instead states that upon dispute a copy of a judgment will be mailed to the consumer.

54.     Defendant does not have nor have they ever obtained a judgment against Plaintiff for this debt. Yet a reasonable reading of the disclosure in Defendant's letter is that a judgment has been obtained and can be mailed to the consumer upon request. That omission created a false sense of urgency and misrepresented the legal status of the matter.

55.     The disclosure in Defendant's letter violates 15 U.S.C. § 1692g(a)(4) by omitting a material portion of the disclosure requirements under § 1692g(a)(4).

56.     The disclosure in Defendant's letter is a false, deceptive, misleading representation in violation of 15 U.S.C. § 1692e.

57.     The disclosure in Defendant's letter makes a false representation regarding the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

58.     In violating 15 U.S.C §§ 1692e(14) and 1692g(a)(4), 1692e, and 1692e(2)(A), Defendant's actions also violated Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act
15 USC § 1692 et seq.**

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

61.     As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

62.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

63.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

64.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Third Claim for Relief—Violations of the Fair Credit Reporting Act 15 USC § 1681 et seq.

65.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

66.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 USC § 1681 et seq.

67.     As a result of each and every one of Defendant's violations of the FCRA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1681o(a)(1); punitive pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) from Defendant.

**Fourth Claim for Relief— Violation of the Fair Debt Buying Practices Act §§ 1788.50-1788.64 (FDBPA)**

68.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

69.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDBPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788.50-1788.64.

70.     As a result of Defendant's violations of the FDBPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.62(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(a)(2); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1) from Defendant.

**Fifth Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion**

71.     Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

72.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C § 1692(a) (emphasis added).

73.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C § 6801(a) (emphasis added).

74.  Congress also recognized a consumer's right to privacy by prohibiting the release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

75.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

76.  Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiff, namely, by calling Plaintiff's telephone attempting to collect a debt that did not belong to her, threatening to take legal action against her that they couldn't legally take, and by obtaining and using Plaintiff's consumer report without legal authorization.  Defendant's conduct invaded Plaintiff's right to privacy and seclusion.

77.  Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

78.     Defendant's conduct impacted Plaintiff's professional and personal life causing feelings of anger, frustration, helplessness, and stress.

79.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant in an amount to be determined at trial.

**Prayers for Relief**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**Fair Debt Collection Practices Act**

1.     an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;

2.     an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;

3.     an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

4.     an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

5.     an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6.     an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**Fair Credit Reporting Act**

7.     an award of actual damages pursuant to 15 U.S.C. § 1681o(a)(1) in an amount to be adduced at trial, from Defendant;

8.     an award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in

1    an amount to be adduced at trial, from Defendant;

2    9.    an award of costs of litigation and reasonable attorney's fees,

3          pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), from

4          Defendant.

5                    **Fair Debt Buying Practices Act**

6    10.   an award of actual damages pursuant to Cal. Civ. Code §

7          1788.62(a)(1) in an amount to be adduced at trial, from Defendant;

8    11.   an award of statutory damages of $1,000.00, pursuant to Cal. Civ.

9          Code § 1788.62(a)(2), from Defendant;

10   12.   an award of costs of litigation and reasonable attorney's fees,

11         pursuant to Cal. Civ. Code § 1788.62(c)(1), from Defendant.

12            **Invasion of Privacy by Intrusion Upon Seclusion**

13   13.   for an award of actual damages from Defendant for the emotional

14         distress suffered as a result of the intentional and/or negligent

15         invasions of privacy by intrusion upon seclusion in an amount to be

16         determined at trial and for Plaintiff; and

17   14.   for such other and further relief as may be just and proper.

18

19                          **Trial By Jury**

20         Pursuant to the Seventh Amendment to the Constitution of the United States

21   of America, Plaintiff is entitled to, and demands a trial by jury.

22

23   Dated:    August 21, 2017.              Law Offices of Roberto Robledo

24                                           */s/ Roberto Robledo*

25

26                                           Attorneys for Plaintiff

27

28

Complaint—14